Memorandum. On April 20, 1972, outside a basement apartment at 155 Lexington Avenue in Brooklyn, a confidential informant introduced undercover Officer Feurtado to appellant, asking the latter if he could "take care of’ his friend. While the informant waited outside, appellant directed Feurtado inside and sold him a "half bundle” of heroin. Twice during the next few months Feurtado saw appellant on the street and on July 11, 1972, after receiving word that appellant was somewhere on Franklin Avenue, sighted appellant in the rear seat of a parked automobile. Feurtado waited and watched from across the street as Officer Moore, a member of the back-up team, arrested appellant. Then Feurtado signaled, indicating that Moore had arrested the right man.
Appellant was convicted, after trial, of criminally selling a dangerous drug in the third degree (formerly Penal Law, § 220.35) and criminal possession of a dangerous drug in the sixth degree (formerly Penal Law, § 220.05). On appeal, appellant argued that the identity of the informant should have been disclosed and that the conviction for criminal possession of a dangerous drug in the sixth degree should have been *390 dismissed pursuant to CPL 300.40 (subd 3, par [b]) and CPL 300.30 (subd 4) as such count constitutes a lesser "inclusory concurrent count” of criminal sale in the third degree. The Appellate Division affirmed, without opinion.
Addressing ourselves first to the issue of disclosure, we note that at the close of the People’s case the defense moved for production of the informant. After an in camera examination of the informant, the trial court denied the motion on the ground that such disclosure would not advance appellant’s case, neither on the question of credibility nor on any issue of substantive law. This denial was proper for, as this court recently held in People v Goggins (34 NY2d 163) and the companion case of People v Brown (34 NY2d 163, 170) "the truly crucial factor in every case is the relevance of the informer’s testimony to the guilt or innocence of the accused.” Here, it was correctly ruled that such testimony would not have been relevant. We note that in this case, decided before the opinion was handed down in People v Goggins (supra) the Judge conducted an in camera hearing on the basis of which, in part at least, he denied defendant’s application for disclosure of the identity of the informer. As we noted in Goggins, where the issue is the guilt or innocence of the defendant, resort to an in camera hearing is usually inappropriate since the court cannot properly stand in the place of the defendant (p 168). Generally, defense counsel should have unrestricted access to the record on which the court makes its determination with respect to his application (cf. People v Rosario, 9 NY2d 286, 290).
Appellant succeeds however in his argument that his conviction for criminal possession must be dismissed. The District Attorney concedes that under the facts of this case appellant could not have committed criminal sale of a dangerous drug in the third degree without also having possessed such drug in the sixth degree. As these counts were "inclusory concurrent counts” as defined by CPL 300.30 (subd 4) a verdict of guilty upon the greater is deemed a dismissal of every lesser (CPL 300.40, subd 3, par [b]). Thus, as in People v Grier (37 NY2d 847), although the defendant did not request that the inclusory count be charged in the alternative, the court holds that the conviction on the lesser count must be dismissed.
The order of the Appellate Division should be modified by dismissing the conviction for criminal possession of a danger *391 ous drug in the sixth degree and, except as so modified, should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order modified in accordance with memorandum herein and, as so modified, affirmed.