■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH WALCOTT, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered January 19, 1978, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, indictment dismissed, and case remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The People failed to sustain their burden of disproving the defense of justification beyond a reasonable doubt. Mollen, P. J., Titone, Margett and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT WHEELER, Also Known as LAMONT NESBITT, Also Known as LAMOND WHEELER, Appellant.—Appeal by defendant from a judgment of the County Court, Orange County, rendered September 9, 1977, convicting him of criminal sale of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of criminal possession of a controlled substance in the third degree under the fourth count of the indictment, and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed. Although the issue was not raised, we note that when a verdict is composed of inclusory concurrent counts, a verdict of guilty on the highest count is deemed a dismissal of every lesser count (CPL 300.40, subd 3, par [b]). In the instant case defendant was indicted, *inter alia*, for the crimes of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree, under counts three and four, respectively, based upon the same transaction. The third degree possession count is a lesser inclusory concurrent count of the second degree sale, and therefore should have been dismissed following the rendition of a guilty verdict on the greater count (see CPL 300.30, subd 5; 300.40, subd 3, par [b]; *People v Lee*, 39 NY2d 388; cf. *People v Weathersby*, 44 NY2d 686). Accordingly, the conviction under the fourth count of the indictment must be reversed and that count dismissed as a matter of law. We have considered the issues raised by defendant and find them to be without merit. Mollen, P. J., Titone, Margett and Weinstein, JJ., concur.