■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY RICHBURG, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 3, 1978, convicting him of the manufacture, transport, disposition and defacement of weapons, etc., as a felony, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the defendant's conviction for criminal possession of a weapon in the fourth degree, vacating the sentence imposed thereon, and dismissing that count of the indictment. As so modified, judgment affirmed. The defendant was indicted on charges of manufacture, transport, disposition and defacement of weapons, etc., as a felony (see former subdivision 4 of section 265.10 of the Penal Law), and criminal possession of a weapon in the fourth degree. The charges stemmed from the defendant's sale of a handgun to an undercover Federal agent. The defendant was convicted, following a jury trial, of both counts of the indictment and was sentenced thereon, as a second felony offender, to a term of three to six years on the disposition count, and one and one-half to three years on the possession count. The counts of the indictment were inclusory concurrent counts within the meaning of CPL 300.30 (subd 4). Therefore, as the District Attorney concedes, the lesser offense of criminal possession of a weapon in the fourth degree must be dismissed (see *People v Lee*, 39 NY2d 388; CPL 300.40, subd 3, par [b]). Were we not reversing the defendant's conviction on the possession count, we would be constrained to vacate the defendant's sentence on that count and remand for resentencing. Criminal possession of a weapon in the fourth degree is a class A misdemeanor. As such, the maximum sentence of imprisonment which can be lawfully imposed for that crime is a definite term of one year. While the defendant, in view of his prior criminal record, could have been charged with the felony of criminal possession of a weapon in the third degree (Penal Law, § 265.02), he was not so charged. As such, the indefinite sentence which he received on the possession count was illegal. Hopkins, J. P., Mangano, Rabin and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHESTER ROBINSON, Appellant. — Appeal by defendant from a resentence of the County Court, Rockland County, imposed July 23, 1980, the sentence being concurrent terms of 5 to 15 years imprisonment. Resentence affirmed. We have reviewed the record and agree with appellant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw as counsel is granted *(Anders v California,* 386 US 738; cf. *People v Gonzalez,* 47 NY2d 606). Rabin, J. P., Cohalan, Weinstein and Thompson, JJ., concur.