■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN TAYLOR, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Owen, J.), rendered May 2, 1979 and amended by a resentencing imposed September 24, 1979, convicting him of three counts of criminal sale of a controlled substance in the second degree, upon a jury verdict. Judgment as amended reversed, on the law, and new trial ordered. The facts have been considered and are determined to have been established. During his trial, the defendant was denied the opportunity to examine the confidential informant who was supposed to have introduced the undercover officer to a potential seller of illegal drugs and who actually witnessed the first transaction. The trial court should have ordered production of the informant. In *People v Goggins* (34 NY2d 163, 169, cert den 419 US 1012), it was noted that the strongest case for disclosure is demonstrated when, as here, the informant was an eyewitness to the sale. The right to disclosure was also bolstered in this case by the alibi defense presented by the defendant. This defense generated significant issues of credibility and identification, concerning which the informant's testimony could play a decisive role (see *People v Goggins, supra).* The key to disclosure is relevancy of the informant's testimony *(People v Lee,* 39 NY2d 388; *People v Pena,* 37 NY2d 642) and the defendant carried his burden. The defendant also was prejudiced by the prosecutor's failure to heed the trial court's repeated orders to go to another line of questioning when the prosecutor was attempting to impeach the defendant with an alleged misstatement on the defendant's application for a driver's license. Apparently the prosecutor was attempting to show that the defendant was driving without a license at the time of the crime; defendant had stated on his application that he had not driven without a license. To establish this minor discrepancy, the prosecutor chose to ignore the court's admonitions thereby prejudicing the defendant. Rabin, J. P., Gulotta, Cohalan and Bracken, JJ., concur.