■ In the Matter of DONOVAN S., a Person Alleged to be a Juvenile Delinquent, Appellant. [724 NYS2d 872] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Shelton, J.), dated March 29, 1999, which, upon a fact-finding order of the same court, dated December 22, 1998, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of attempted assault in the first degree, assault in the second degree, attempted assault in the second degree, assault in the third degree, menacing in the second degree, and criminal possession of a weapon in the fourth degree, and an act constituting the crime of unlawful possession of a weapon by a person under the age of 16, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 18 months. The appeal brings up for review the fact-finding order dated December 22, 1998.

Ordered that the order of disposition is modified, on the law, by vacating the provision thereof which adjudicated the appellant a juvenile delinquent based upon the finding that he committed acts which, if committed by an adult, would have constituted the crimes of attempted assault in the second degree and assault in the third degree, and substituting therefor a provision dismissing the third and fourth counts of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

Viewing the evidence in the light most favorable to the presentment agency (*see, Matter of David H.,* 69 NY2d 792; *cf., People v Contes,* 60 NY2d 620), we find that it was legally suf-

ficient to establish beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted assault in the first degree (*see,* Penal Law §§ 110:00, 120.10 [1]), assault in the second degree (*see,* Penal Law § 120.05 [2]), menacing in the second degree (*see,* Penal Law § 120.14 [1]), and criminal possession of a weapon in the fourth degree (*see,* Penal Law § 265.01 [2]), as well as an act constituting the crime of unlawful possession of a weapon by a person under the age of 16 (*see,* Penal Law § 265.05). Moreover, upon the exercise of our factual review power, we are satisfied that the Family Court's determination as to those charges was not against the weight of the evidence (*cf.,* CPL 470.15 [5]).

However, as correctly conceded by the presentment agency, the charges of attempted assault in the second degree and assault in the third degree must be dismissed, as they are lesser-included offenses of the charges of attempted assault in the first degree and assault in the second degree, respectively (*see, People v Lee,* 39 NY2d 388).

The matter need not be remitted to the Family Court for a new order of disposition since the period of probation imposed on the appellant has expired.

The appellant's remaining contention is without merit. Ritter, J. P., Santucci, Goldstein and Crane, JJ., concur.