■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND BOYER, Also Known as RAYVENAIR GIBSON, Appellant. [744 NYS2d 686] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered November 9, 2000, convicting him of robbery in the second degree (two counts), robbery in the third degree, and intimidating a witness in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by revers-

ing the conviction of robbery in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the crimes of which he was convicted beyond a reasonable doubt. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

However, as correctly conceded by the People, the defendant's conviction of robbery in the third degree was a concurrent inclusory count of one of the counts of robbery in the second degree (*see People v Glover,* 57 NY2d 61; *People v Green,* 56 NY2d 427; *People v Florentino,* 196 AD2d 881). Thus, the conviction of robbery in the third degree must be reversed and that count of the indictment dismissed (*see People v Lee,* 39 NY2d 388).

The defendant's remaining contention is without merit. Feuerstein, J.P., O'Brien, Townes and Cozier, JJ., concur.