■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST CURRY, Appellant. [755 NYS2d 266] —Appeal by the defendant from a judgment of the County Court, Nassau County (LaPera, J.), rendered September 25, 2001, convicting him of robbery in the second degree, robbery in the third degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of robbery in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's contention that the evidence of physical injury was legally insufficient to support the conviction of robbery in the second degree is unpreserved for appellate review since he never specifically raised this issue in his motions for a trial order of dismissal (see CPL 470.05 [2]), and we decline to reach this issue in the exercise of our interest of justice jurisdiction (see People v Williams, 291 AD2d 514 [2002]).

Contrary to the defendant's contention, the crime of grand larceny in the fourth degree, based upon the theory that property was taken from the person of the victim, is not a lesser-included offense of robbery in the second degree (see People v VanDuyne, 267 AD2d 408 [1999]).

However, as the People correctly concede, the defendant's conviction of robbery in the third degree was a concurrent inclusory count of the conviction of robbery in the second degree. Thus, the conviction of robbery in the third degree must be reversed and that count of the indictment dismissed (see People v Boyer, 295 AD2d 529 [2002], lv denied 99 NY2d 533 [2002]; People v Harding, 110 AD2d 715 [1985]). Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.