■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINDEL HUTSON, Appellant. [841 NYS2d 363]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered June 28, 2005, convicting him of robbery in the second degree (two counts) and robbery in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions of robbery in the third degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

As correctly conceded by the People, the two counts of robbery in the third degree were inclusory concurrent counts of the two counts of robbery in the second degree (*see* CPL 300.30 [4]; *People v Curry,* 302 AD2d 538 [2003]; *People v Boyer,* 295 AD2d 529, 530 [2002]). A verdict of guilt upon the greater count is deemed a dismissal of every lesser count (*see* CPL 300.40 [3]). Thus, as the People correctly concede, the convictions of robbery in the third degree must be vacated and those counts of the indictment dismissed (*see People v Lee,* 39 NY2d 388, 390 [1976]).

The defendant's failure to raise an objection to the remarks made by the prosecutor on summation renders his claim that he was denied his right to a fair trial unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Garner,* 27 AD3d 764 [2006]). In any event, the comments alleged to be prejudicial were responsive to arguments and theories presented in the defense summation (*see People v Galloway,* 54 NY2d 396 [1981]; *People v Ashwal,* 39 NY2d 105 [1976]; *People v Williams,* 38 AD3d 925 [2007]; *People v Holguin,* 284 AD2d 343 [2001]; *People v Russo,* 201 AD2d 512, 513 [1994], *affd* 85 NY2d 872 [1995];

*People v Evans,* 192 AD2d 671 [1993]; *cf. People v Pagan,* 2 AD3d 879, 880 [2003]), or harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins,* 36 NY2d 230, 241 [1975]). Crane, J.P., Ritter, Dillon and Carni, JJ., concur.