■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS GEORGE, Appellant. [855 NYS2d 551]—

As correctly conceded by the People, the two counts of robbery in the third degree were inclusory concurrent counts of the robbery in the first degree count and one count of robbery in the second degree (*see* CPL 300.30 [4]; *People v Hutson,* 43 AD3d 959 [2007], *lv denied* 9 NY3d 1006 [2007]; *People v Curry,* 302 AD2d 538 [2003]; *People v Boyer,* 295 AD2d 529 [2002]). A verdict of guilt upon the greater count is deemed a dismissal of every lesser count (*see* CPL 300.40 [3]). Therefore, the convictions of robbery in the third degree must be vacated and those counts of the indictment dismissed (*see People v Lee,* 39 NY2d 388 [1976]; *People v Hutson,* 43 AD3d 959 [2007], *lv denied* 9 NY3d 1006 [2007]).

The defendant's failure to raise an objection to the remarks

made by the prosecutor on summation renders his claim that he was denied his right to a fair trial unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Garner,* 27 AD3d 764 [2006]).

However, the defendant is correct that the court erred in striking his testimony that the car which was implicated in three of the robberies did not belong to him and had been borrowed from the owner, who also used to lend it to four or five other people. Furthermore, contrary to the People's contention, this issue was preserved for appellate review. Nevertheless, the error was harmless as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his convictions (*see People v Crimmins,* 36 NY2d 230, 237 [1975]; *People v Rush* 44 AD3d 799 [2007], *lv denied* 9 NY3d 1009 [2007]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Spolzino, J.P., Santucci, Angiolillo and Balkin, JJ., concur.