■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYKEI GARNER, Appellant. [899 NYS2d 145]—

Judgment, Supreme Court, New York County (Michael R. Ambrecht, J., at suppression hearing; Arlene R. Silverman, J., at plea and sentence), rendered September 11, 2007, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of 3½ years, unanimously affirmed.

The court properly denied defendant's motion to suppress identification testimony. As part of a long-term operation, an undercover officer made a drug buy from defendant and identified him from a photo array six weeks later, and from a lineup two months after that. Neither procedure was unduly suggestive (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). In each procedure, the participants were generally similar in appearance and, given the particular description given by the undercover officer, there was nothing that highlighted defendant (*see e.g. People v Carroll*, 303 AD2d 200, 201 [2003], *lv denied* 100 NY2d 560 [2003]). To the extent the photo array could be viewed as suggestive, that suggestiveness was attenuated by the passage of time between the two procedures. Although the undercover officer received a copy of the photo array, there is no evidence that this influenced his lineup identification of defendant. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Acosta and Renwick, JJ.