People v McGhee (2021 NY Slip Op 03002)





People v McGhee


2021 NY Slip Op 03002


Decided on May 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 11, 2021

Before: Webber, J.P., Mazzarelli, Oing, Singh, JJ. 


Ind No. 6041/11 Appeal No. 10089-10089A Case No. 2016-625 

[*1]The People of the State of New York, Respondent,
v
Darrin McGhee, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Ben A. Schatz of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (David P. Stromes of counsel), for respondent.



Upon remittitur from the Court of Appeals (__ NY3d __, 2021 NY Slip Op 01836 [2021]), judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered July 7, 2015, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 25 years to life, and order, same court and Justice, entered on or about April 23, 2018, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
The court should have suppressed an eyewitness's identification of defendant from a surveillance tape. This identification was unduly suggestive, because a detective directed the eyewitness to watch for someone wearing "all brown" in the video, thus impermissibly singling out defendant (see generally People v Edmonson, 75 NY2d 672, 676-677 [1990], cert denied Edmonson v New York, 498 US 1001 [1990]). Based on the testimony at the suppression hearing, the "all brown" description was supplied by 911 callers, not the eyewitness. However, admission of the video identification was harmless error in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]). The eyewitness made reliable lineup and in-court identifications of defendant as the gunman (People v Crimmins, 36 NY2d at 237). Moreover, a cooperating witness testified extensively about how defendant committed this murder for hire and boasted about it, and there was extensive corroborating evidence including cell phone records and surveillance video.
The court properly denied suppression of a lineup identification, made over six weeks after the video identification (People v Leibert, 71 AD3d 513, 514 [1st Dept 2010], lv denied 15 NY3d 752 [2010]; People v Garner, 71 AD3d 491 [1st Dept 2010], lv denied 14 NY3d 888 [2010]). Although the detective told the eyewitness to select anyone she recognized from the shooting or from a photo array, held 21 hours after the video identification, the detective did not state any further details of the gunman's description or defendant's photo, and this comment alone, referencing a photo array from six weeks earlier, did not render the lineup procedure unduly suggestive. Moreover, the eyewitness told the detective she recognized defendant in the lineup as the one who shot the victim, not as the one in the photo array.
The court improvidently exercised its discretion in admitting, as an excited utterance, a detective's testimony that he overheard the eyewitness exclaim, "that's him. That's him. He shot the boy in the Polo Ground," when she saw defendant in the video. Under all the circumstances, this did not qualify as an excited utterance. Nevertheless, the error was harmless in light of the overwhelming evidence of defendant's guilt, as discussed above.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION [*2]AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2021