People v Johnson (2021 NY Slip Op 03918)





People v Johnson


2021 NY Slip Op 03918


Decided on June 17, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 17, 2021

Before: Acosta, P.J., Webber, Mazzarelli, Kennedy, JJ. 


Ind No. 4843/16 Appeal No. 14067 Case No. 2019-5683 

[*1]The People of the State of New York, Respondent,
v
Darryl Johnson, Defendant-Appellant.


Justin C. Bonus, Forest Hills, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathon Krois of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered February 28, 2018, convicting defendant, after a jury trial, of robbery in the first degree (two counts), assault in the first degree, robbery in the second degree, and criminal possession of a weapon in the second degree (two counts), and sentencing him, as a second felony offender, to concurrent terms of 10 years, unanimously affirmed.
The court properly denied defendant's motion to suppress a lineup identification. Defendant claims that the otherwise fair lineup was tainted by the victim's prior exposure to his photograph in a photo array, from which the victim failed to make any identification. However, a witness's failure to identify a defendant in an initial photo array does not necessarily mean a subsequent lineup identification was tainted (see People v Chamberlain, 96 AD2d 959, 960 [3d Dept 1983]). The passage of 2½ months between the photo array and the lineup rendered it unlikely that the victim's attention was drawn to defendant at the lineup simply because he had previously seen his photo (see People v Garner, 71 AD3d 491 [1st Dept 2010], lv denied 14 NY3d 888 [2010]). In any event, any error in the introduction of the victim's lineup and in-court identifications was harmless, in view of the other overwhelming evidence connecting defendant to the crime (see People v Crimmins, 36 NY2d 230 [1975]).
Probable cause for defendant's arrest was established by defendant's appearance in a surveillance videotape, which matched a photo of defendant from a prior arrest, as well as a Facebook photo of him wearing similar distinct clothing (see e.g. People v Jackson, 168 AD3d 473, 473 [1st Dept 2019], lv denied 33 NY3d 977 [2019]). Even if the video was insufficient by itself, when viewed together with circumstantial evidence linking defendant to the scene of the crime, it established probable cause, which does not require proof beyond a reasonable doubt (see e.g. People v Rodriguez, 84 AD3d 500, 501 [1st Dept 2011], lv denied 17 NY3d 861 [2011]).
Defendant's arguments concerning the sufficiency and weight of the evidence are unavailing (see People v Danielson, 9 NY3d 342, 348-349 [2007]). As noted, the evidence of defendant's guilt was overwhelming. There is no basis for disturbing the jury's determinations concerning identification and credibility. The jury could reasonably have found that the victim's initial inability to make an identification was sufficiently explained. Even without the victim's identification, the surveillance video and the strong circumstantial evidence linking defendant to his codefendant and to the scene of the crime still provided overwhelming evidence of guilt. The jurors were able to see the video and compare defendant's appearance, including his distinctive tattoos, with the appearance of the assailant shown in the video.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters of strategy [*2]and preparation not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
Defendant's challenge to a portion of the prosecutor's direct examination of the victim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that any error regarding bolstering or acting as an unsworn witness was harmless.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2021