People v Hardy (2022 NY Slip Op 04820)

People v Hardy

2022 NY Slip Op 04820

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2020-05025
 (Ind. No. 478/19)

[*1]The People of the State of New York, respondent,
v
Markishia Hardy, appellant.

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Christopher Turk and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered March 11, 2020, convicting her of robbery in the second degree and robbery in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of robbery in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
The defendant was convicted of robbery in the second degree and robbery in the third degree based on her alleged participation in the removal of merchandise from a store in Huntington Station, without the store's permission and without paying for the merchandise.
The County Court erred in admitting into evidence, as excited utterances, the statements made on a recording of a 911 call because the caller did not personally observe the material events which she reported to the 911 operator (see People v Cummings, 31 NY3d 204, 209, citing People v Fratello, 92 NY2d 565, 571). Nevertheless, the error was harmless, as there was overwhelming evidence of defendant's guilt without reference to the statements and no reasonable possibility that the error might have contributed to the defendant's conviction (see People v McGhee, 194 AD3d 498, 499).
The defendant's challenge to the legal sufficiency of her conviction of robbery in the second degree is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 638).
As the People concede, robbery in the third degree is a lesser included offense of robbery in the second degree (see CPL 300.30[4]; People v Wingate, 184 AD3d 738, 740; People v Hutson, 43 AD3d 959, 959; People v Gibson, 295 AD2d 529, 530). A verdict of guilt upon the greater count is deemed a dismissal of every lesser count (see CPL 300.40[3]). Accordingly, we vacate the conviction of robbery in the third degree and the sentence imposed thereon, and dismiss that count of the indictment (see People v Lee, 39 NY2d 388, 390; People v Wingate, 184 AD3d at 740).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention that the County Court erred in admitting into evidence the testimony of the defendant's probation officer is unpreserved for appellate review.
The defendant's remaining contention is without merit.
CONNOLLY, J.P., CHRISTOPHER, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court