People v Brooks

2026 NY Slip Op 03370

May 28, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Michael Brooks, Defendant-Appellant.

Decided and Entered: May 28, 2026

Ind No. 2094/17|Appeal No. 6750|Case No. 2019-05425 2024-00770|

Before: Webber, J.P., Gesmer, Rodriguez, Pitt-Burke, O'neill Levy, JJ.

Caprice R. Jenerson, Office of The Appellate Defender, New York (David Bernstein of counsel), for appellant.

Alvin L. Bragg, Jr., District Attorney, New York (Sylvia Wertheimer of counsel), for respondent.

[*1]

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered August 8, 2019, convicting defendant, after a jury trial, of two counts of robbery in the first degree, robbery in the second degree, and two counts of criminal possession of a weapon in the second degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 20 years to life; and judgment of resentence, same court and Justice, rendered January 17, 2024, resentencing defendant, as a second violent felony offender, to an aggregate term of 15 years, unanimously affirmed.

The court properly admitted the victim's 911 call statements as excited utterances (see People v Hernandez, 28 NY3d 1056, 1057 [2016]). The victim called 911 within minutes of being robbed at gunpoint, during the midst of his pursuit of the individuals who robbed him (see People v Wine, 279 AD2d 424, 424-425 [1st Dept 2001], lv denied 96 NY2d 805 [2001]). His contemporaneous interaction with police officers, who described his demeanor as scared, angry, and upset, "reasonably justif[ies] the conclusion that the remarks were not made under the impetus of studied reflection" (Hernandez, 28 NY3d at 1057).

Defendant's claim that testimony by the police officers improperly bolstered the eyewitnesses' testimony about the robbery is unpreserved, as defendant only made general objections to the testimony in question, and never argued that the testimony constituted bolstering (see People v Arzu, 240 AD2d 217, 218 [1st Dept 1997], lv denied 90 NY2d 938 [1997]; People v Hynes, 193 AD2d 516, 516 [1st Dept 1993], lv denied 82 NY2d 755 [1993]; see also CPL 470.05[2]; People v Parker, 32 NY3d 49, 57 [2018]). Nor did defendant preserve his claim that the court failed to provide a limiting instruction (see People v Hymes, 34 NY3d 1178, 1179 [2020]). We decline to reach defendant's claims in the interest of justice.

In the alternative, we reject defendant's claim on the merits. The statements of both officers were admissible "to assist in explaining the investigative process and completing the narrative of events leading to the defendant's arrest" (People v Honghirun, 29 NY3d 284, 289 [2017] [internal quotation marks omitted]).

Defendant's claim that the court improperly admitted his Facebook records and those associated with an alleged accomplice is unpreserved (see People v Washington, 217 AD3d 532, 534 [1st Dept 2023], lv denied 40 NY3d 1082 [2023]). We decline to reach defendant's claim in the interest of justice. In the alternative, we reject it on the merits. The court properly admitted Facebook records showing that defendant was closely acquainted with one of the other men alleged to have committed the robbery (see People v Berry, 267 AD2d 102, 102 [1st Dept 1999], lv denied 95 NY2d 793 [2000]).

[*2]

In any event, we find that each of the alleged errors identified by defendant was harmless, in view of the overwhelming evidence of his guilt, and that none of them, individually or cumulatively, deprived defendant of a fair trial (see People v McGhee, 194 AD3d 498, 499 [1st Dept 2021], lv denied 37 NY3d 973 [2021]; People v Cartagena, 170 AD3d 451, 451 [1st Dept 2019], lv denied 33 NY3d 1029 [2019]).

Defendant's ineffective assistance claim based on trial counsel's failure to object to the admission of evidence from Facebook is not reviewable because it involves matters not reflected in the record and thus must first be raised in a CPL 440.10 motion (see People v Jackson, — AD3d —, 2026 NY Slip Op 02729 [1st Dept 2026]; People v Slade, 228 AD3d 439 [1st Dept 2024], lv denied 42 NY3d 940 [2024]).

We perceive no basis for reducing defendant's sentence.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 28, 2026