■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUPERT PRESTON BROTHERTON, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Copertino, J.), rendered November 30, 1978, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officers.

Judgment affirmed.

At the defendant's pretrial *Huntley* hearing, the investigating detective, to whom the defendant made only oral statements, and another police officer, were the only witnesses. The hearing court's determination that the defendant was advised of his rights and that his oral statement given to the investigating detective was voluntary is adequately supported by the record *(see, People v Washington,* 51 NY2d 214, 221).

At the trial, after the investigating detective had testified, a police officer, who was present during part of the time the defendant spoke with the investigating detective, testified on direct examination with respect to one portion of the defendant's oral statement which he heard the defendant make but which he did not record. After the officer completed his testimony, the defendant claimed that the statement had not been disclosed to him prior to the trial and moved to strike the officer's testimony and for a curative instruction. The trial court indicated a willingness to give a curative instruction, but after returning from a recess, counsel changed his mind and demanded a mistrial. Counsel thereafter continued to demand a mistrial and declined the curative instruction which the court again offered to give. The trial court then denied the defendant's mistrial motion.

The trial court did not abuse its discretion in denying the defendant's motion *(see, People v Ortiz,* 54 NY2d 288). Under the circumstances, where the error, if any *(see, People v Bennett,* 80 AD2d 68, 70-71, *affd* 56 NY2d 837), and the resulting prejudice therefrom were slight at best, less drastic means than declaring a mistrial were available to alleviate whatever prejudice may have resulted *(see, People v Young,* 48 NY2d 995, 996). The defendant's adherence to his demand for a mistrial was unwarranted *(see, People v Young, supra; People v Blackshear,* 112 AD2d 1044).

The defendant's contention that his guilt was not proved beyond a reasonable doubt is without merit. The evidence was sufficient in quantity and quality to support the verdict beyond a reasonable doubt *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932).

We have considered the defendant's remaining contentions and find them to be without merit. Gibbons, J. P., Bracken, Niehoff and Kunzeman, JJ., concur.