■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE OVERTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bourgeois, J.), rendered April 25, 1986, convicting him of robbery in the first degree, robbery in the second degree (two counts), and criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On this appeal we are called upon to determine whether the defendant was deprived of his right to a fair trial because the complaining witness had displayed to the jury certain property whose introduction into evidence had previously been precluded by the trial court. The defendant had initially moved to preclude this evidence because the property had been returned to the complainant in violation of the notice provisions of Penal Law § 450.10. Pursuant to this statute, physical evidence released in the absence of notice to the defendant should be precluded where he has been unduly prejudiced as a result of the deprivation of his right to inspect the property *(see generally, People v Kelly,* 62 NY2d 516; *People v Angelo,* 93 AD2d 264).

It is the defendant's principal contention that despite the

court's ruling, the prosecutor, during direct examination "unnecessarily" questioned the complainant about some of the property thereby prompting him to display the precluded evidence before the jury. We disagree.

The record reveals that the complainant had spontaneously and unexpectedly displayed the property in issue, to wit, a set of keys, in response to a proper and otherwise innocuous question posed by the prosecutor. Moreover, the prosecutor had duly informed the court that he was not aware that the complainant had the subject keys in his possession. Nor was the defendant unduly prejudiced by this display since no testimony was adduced indicating that the keys had been recovered from him. Equally significant is the fact that in response to the defendant's motion for a mistrial, the trial court did offer to provide the jury with a curative instruction; however, this offer was declined by defense counsel.

In conclusion, inasmuch as the defendant has not demonstrated that the excluded property was displayed as a result of prosecutorial misconduct or that the display of the keys resulted in undue prejudice, his claim that he was denied his right to a fair trial must be rejected (see, People v Brotherton, 122 AD2d 850, lv denied 69 NY2d 709). Niehoff, J. P., Eiber, Kunzeman and Harwood, JJ., concur.