In the Matter of ROBERT M. MORGENTHAU, District Attorney of New York County, on Behalf of THE PEOPLE OF THE STATE OF NEW YORK, Petitioner, v JEROME W. MARKS, as Justice of the Supreme Court, New York County, et al., Respondents.

First Department, March 5, 1992

### APPEARANCES OF COUNSEL

*Mark Dwyer* and *Eleanor J. Ostrow* of counsel *(Robert M. Morgenthau, District Attorney,* attorney), for petitioner.

*Thomas M. O'Brien* of counsel *(Robert M. Baum,* attorney), for Jose Rodriguez, respondent.

### OPINION OF THE COURT

KUPFERMAN, J.

This is a CPLR article 78 proceeding commenced in this court, seeking a judgment prohibiting respondent Justice from ordering the suppression, pursuant to Penal Law § 450.10 (10), of any and all evidence of the wallet which respondent Rodriguez is charged with stealing in New York County indictment No. 15016/90.

Respondent Rodriguez was arrested and charged with the class E felony of grand larceny in the fourth degree upon the complaint of an intoxicated subway passenger who told the arresting officer that he had fallen asleep and awoke to find Rodriguez with one hand in complainant's pocket and the other holding complainant's wallet. The complainant snatched the wallet back from Rodriguez and an altercation ensued which was broken up by the arresting officer's partner before the arresting officer arrived at the scene at the Chambers Street subway station.

At the hearing on Rodriguez' motion to suppress the wallet, the arresting officer testified that the complainant momentarily handed the wallet to him and said, "Yeah, that's my wallet." The officer opened the billfold and saw a union card in the complainant's name. There was nothing else in the wallet and the officer returned it to the complainant before placing Rodriguez under arrest.

The hearing court denied the suppression motion, finding that the officer had probable cause to arrest Rodriguez, but found that the officer had violated Penal Law § 450.10 in that he should have held onto the wallet and vouchered it. As a sanction, the court directed that in the event the matter went to trial, the complainant could testify that Rodriguez had put

his hand in complainant's pocket, but there could be no testimony about the wallet.

Penal Law § 450.10, entitled "Disposal of stolen property", requires, *inter alia,* that stolen property in the custody of a police officer not be released except upon notice to the defendant. The section was amended in 1984 and overrules those cases which had held that a failure to comply with the statute was in itself grounds for dismissal of the accusatory instrument. Subdivision (10) of the statute now provides that, in addition to instructing the jury that it may consider the People's failure to comply with the statute in determining the weight to be given to such evidence, the court may also employ the sanctions available pursuant to CPL 240.70 (1) upon a party's failure to comply with the discovery provisions of the Criminal Procedure Law, i.e., "grant a continuance, issue a protective order, prohibit the introduction of certain evidence or the calling of certain witnesses or take any other appropriate action." (Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 450.10, at 546.)

Although he filed a notice of appeal from the court's order, petitioner commenced this proceeding claiming that such ruling was in excess of the court's powers in that it accomplished indirectly what could not be done directly, since Rodriguez is a predicate felon who may not be permitted to plead guilty to any offense less than a felony pursuant to CPL 220.10 (5) (c) and Penal Law § 70.06 (2) and (3) (e), viz., the dismissal of the felony grand larceny charge.

As found by the hearing court, there are several appellate decisions approving of similar sanctions *(e.g., People v Overton,* 134 AD2d 377; *People v Johnson,* 114 AD2d 515). Nevertheless, implicit in the hearing court's ruling is its finding that the victim's wallet was in the custody of the arresting officer. We disagree and find as a matter of law and common sense that, under the circumstances presented, the alleged victim's wallet was not in the officer's custody within the meaning of Penal Law § 450.10 and thus not subject to the provisions of the statute.

However, inasmuch as the court's ruling merely constitutes an error of law and not, as urged by petitioner, an act in excess of the court's powers, the extraordinary remedy of prohibition does not lie and nonreviewability by way of appeal, alone, does not provide a basis for reviewing error by a

collateral proceeding in the nature of a writ of prohibition (*Matter of State of New York v King,* 36 NY2d 59; *Matter of Johnson v Andrews,* 179 AD2d 417; *see also, People v Laing,* 79 NY2d 166).

Accordingly, the petition should be denied and the proceeding dismissed, without costs.

CARRO, J. P., ROSENBERGER, ELLERIN and Ross, JJ., concur.

Application for a writ of prohibition unanimously denied, and the proceeding dismissed, without costs.