(March 25, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUWAYNE CHANCE, Appellant. [897 NYS2d 91]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered August 7, 2008, convicting defendant, after a jury trial, of robbery in the third degree, grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 2½ to 5 years, unanimously affirmed.

The court correctly declined to impose any sanction for alleged noncompliance with the procedures for disposal of stolen property set forth in Penal Law § 450.10. The record supports the court's finding that the victim's wallet was never in police "custody" within the meaning of the statute when, in the victim's presence, the police briefly possessed a wallet found at the scene of the crime for the purpose of confirming the victim's identity as the owner before returning it to her (*see People v Faucette*, 201 AD2d 252, 253 [1994]; *Matter of Morgenthau v Marks*, 177 AD2d 131, 133 [1992]). This is in keeping with the language of the statute, stating that it applies when "a request is made for the return of stolen property" (Penal Law § 450.10 [1]). This contemplates a removal of the property from the scene of the crime for storage at the Property Clerk's office, or some other assertion of control over the property by the police. Nothing in the statute obligates the police to *take* custody of anything; instead, it governs the disposition of stolen property after the police have decided to voucher it, and after someone has asked for a property release. In any event, in light of the evidence presented and issues contested at trial, the return of the wallet to the victim did not cause sufficient prejudice to warrant any sanction.

Defendant's challenge to the sufficiency of the evidence supporting his robbery conviction is without merit. The evidence supports the inference that when defendant struggled with security guards, his intent was not only to escape or defend himself, but also to retain possession of the stolen wallet (*see e.g. People v Gonzalez*, 60 AD3d 447, 448 [2009], *lv denied* 12 NY3d 915 [2009]). Concur—Gonzalez, P.J., Moskowitz, Freedman, Richter and Román, JJ.