■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN L. RUPLE, Appellant. [902 NYS2d 225]—

Spain, J. Appeal from a judgment of the Supreme Court (Coccoma, J.), rendered December 22, 2008 in Otsego County, (1) upon a verdict convicting defendant of the crime of burglary in the third degree, and (2) convicting defendant upon his plea of guilty of the crime of criminal possession of a forged instrument in the second degree.

Following a jury trial, defendant was convicted, as charged in an indictment, of burglary in the third degree. Testimony at trial established that on Sunday, September 16, 2007, defendant and an accomplice, who testified at trial, were out walking with friends when they broke into an insurance office building in the City of Oneonta, Otsego County, where defendant searched desks for money, took a desktop computer and related equipment (hereinafter collectively referred to as computer) and left. The next day, the insurance company's branch manager arrived at work and discovered her work computer was missing from her desk and contacted the Oneonta Police Department. That same day, defendant sold the computer for $50 to an acquaintance, who testified at trial that—after learning that it may be stolen—he contacted the police the following day and turned it over to them. The police notified the manager, who came to police headquarters, confirmed that the retrieved computer was the one missing from her desk, and the police released the computer to her. While in police custody, the computer was photographed but was not turned on and no serial numbers were recorded from it.

Prior to trial, defendant moved pursuant to Penal Law § 450.10 to preclude introduction of any evidence regarding the computer and to dismiss the burglary count, due to the People's failure to comply with the prior written notice requirement allowing time for the defense to examine, test or photograph the computer prior to its release (see Penal Law § 450.10 [1]). The People conceded that Penal Law § 450.10 had been violated, but claimed that the computer was turned over to the manager because it contained files necessary to the operation of the business (see Penal Law § 450.10 [4] [a]). The People urged that preclusion was not warranted as defendant suffered no prejudice, given that photographs of the computer had been taken by police prior to its release and the computer itself was still available for inspection, upon request, at the insurance office.

Finding no prejudice to defendant, Supreme Court denied defendant's preclusion motion but committed to instructing the jury that it may consider the People's violation in determining the weight to be given this evidence (*see* Penal Law § 450.10 [10]). At trial, the court so instructed the jury in its final charge and no exceptions were taken to that charge. Upon his conviction, defendant was sentenced, as a second felony offender, to a prison term of 3¹/₂ to 7 years.

On appeal, defendant's sole contention is that he was entitled to preclusion of all evidence involving the computer because its release was in bad faith and caused incurable prejudice to his defense. By statute, when property alleged to have been stolen is in the custody of the police or district attorney, it may not be released upon a request until the defense is given written notice of the release date and an opportunity to examine or test it (*see* Penal Law § 450.10 [1]; *People v Perkins*, 56 AD3d 944, 945 [2008], *lv denied* 12 NY3d 786 [2009]). In the event of noncompliance which causes prejudice to the defendant, "the court shall instruct the jury that it may consider such failure in determining the weight to be given such evidence and may also impose any other sanction set forth in [CPL 240.70 (1)]" (Penal Law § 450.10 [10]). Unless defendant demonstrates "undue prejudice, the court shall not preclude the district attorney from introducing into evidence the property" (Penal Law § 450.10 [10]; *see People v Kelly*, 62 NY2d 516, 521 [1984] ["the drastic remedy of dismissal should not be invoked where less severe measures can rectify the harm done by the loss of evidence"]). The choice of an appropriate remedy or sanction "is committed to the sound discretion of the trial court" (*People v Kelly*, 62 NY2d at 521), which may take into consideration "the degree of prosecutorial fault . . . , but the overriding concern must be to eliminate any prejudice to the defendant while protecting the interests of society" (*id.* at 520).

Given that the computer was photographed prior to its release, was not "irretrievably lost" but remained available for inspection and testing, and there is no evidence of bad faith, we discern no abuse of discretion in the sanction imposed (*id.* at 519-521). We find that the release of the stolen computer to the insurance business manager was simply the result of police oversight, and that it did not warrant the imposition of a "drastic" sanction such as preclusion or dismissal of the charge (*id.* at 521; *see People v Reyes*, 27 AD3d 584, 584 [2006], *lv denied* 7 NY3d 761 [2006]; *People v Harris*, 23 AD3d 580, 581 [2005], *lv denied* 6 NY3d 813 [2006]; *see also* Penal Law § 450.10 [10]).

Defense counsel was fully able to pursue, on cross-examination, the basis for the manager's identification of her work computer and confirmation that the photographs admitted at trial depicted that computer, and the business content of the hard drive upon its return to her. Defendant could also have subpoenaed the business's IT employees who examined the computer upon its return, to testify regarding its contents. The evidence that defendant stole this computer during the burglary was strong: defendant's accomplice placed him inside the building, taking a computer; a friend outside observed him carry out the computer and take it to a house on Chestnut Street; the purchaser testified to buying the computer from defendant at that location; and, prior to its release, the manager identified the computer. Thus, we cannot conclude that the jury instruction sanction was an insufficient remedy (*see People v Perkins*, 56 AD3d at 945-946).

Cardona, P.J., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.