Rose, J.
After defendant was seen leaving a home improvement store with five items of merchandise for which he had not paid, he was arrested and charged with grand larceny in the fourth degree. He waived a trial by jury and, following a bench trial at which he contested only the value of the stolen items, he was convicted as charged. He now appeals.
Although all five items were returned to the store and sold *1381 before defendant had an opportunity to inspect them, we agree with County Court that Penal Law § 450.10 applies only to the stolen air conditioner as that was the only item that was in police custody (see People v Chance, 71 AD3d 563, 564 [2010], lv denied 15 NY3d 748 [2010]; People v Faucette, 201 AD2d 252, 253 [1994]). While the police admittedly failed to give the statutory notice before returning that item to the store, the choice of an appropriate sanction is left to the sound discretion of the trial court (see People v Riley, 19 NY3d 944, 946 [2012]; People v Ruple, 74 AD3d 1487, 1489 [2010], lv denied 15 NY3d 895 [2010]; People v Perkins, 56 AD3d 944, 945-946 [2008], lv denied 12 NY3d 786 [2009]).
Here, County Court indicated that it would consider the statutory violation in determining the weight of the evidence, but found that the value of the air conditioner was adequately established by the store’s loss prevention specialist. Despite the unavailability of the other four items that had been returned directly to the store by a third party, defense counsel was able to cross-examine the store employees regarding their value and the store’s discounting policies. There was ample evidence, credited by County Court, that the combined value of the five stolen items was over $1,000 and that none of the items was discounted at the time of the theft. Under these circumstances, we agree with County Court that there was no undue prejudice to defendant and find no abuse of discretion in its determination of the appropriate sanction (see People v Ruple, 74 AD3d at 1489-1490; People v Perkins 56 AD3d at 945-946).
Defendant’s remaining contentions do not require extended discussion. First, his argument that his conviction must be reversed because his written waiver of a jury trial was not signed in accordance with the procedure required by CPL 320.10 (2) is unpreserved for our review (see CPL 470.05 [2]; People v Johnson, 51 NY2d 986, 987-988 [1980]). While defendant may have made a CPL 440.10 motion on this ground, that motion is not in the record now before us and does not preserve the issue on this appeal (see People v White, 104 AD3d 1056, 1056 [2013], lv denied 21 NY3d 1021 [2013]). Nor do the circumstances of his waiver warrant our reversal in the interest of justice. Second, defendant’s argument that reversal is required pursuant to CPL 210.35 (5) is also unpreserved (see People v Gutierrez, 96 AD3d 1455, 1455 [2012], lv denied 19 NY3d 997 [2012]). In any event, there was sufficient evidence, including defendant’s confession, to sustain the indictment. Third, while there were two isolated instances of improper comments made during the grand jury proceedings, they were, under the circumstances here, unlikely *1382 to influence the proceedings (see People v Farley, 107 AD3d 1295, 1295-1296 [2013], lv denied 21 NY3d 1073 [2013]; People v Kidwell, 88 AD3d 1060, 1061-1062 [2011]; People v Crandall, 306 AD2d 748, 749 [2003], lv denied 100 NY2d 619 [2003]).
Peters, P.J., Lahtinen and Egan Jr., JJ, concur. Ordered that the judgment is affirmed.