■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SANTOSTEFANO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Corso, J.), rendered October 10, 1980, convicting him of robbery in the first degree (Penal Law, § 160.15, subd 4), upon a jury verdict, and imposing sentence.

Judgment affirmed.

The only issue raised by defendant on this appeal is whether he established at trial, by a preponderance of the evidence, the affirmative defense that the firearm "was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged" (Penal Law, § 160.15, subd 4; § 25.00, subd 2).

We find that defendant had not met his burden of proof. The only evidence presented at trial that the gun was not loaded was defendant's own testimony that he checked the gun prior to the robbery to make sure that it was unloaded. Other testimony was presented, however, which indicated that when the revolver was recovered at the codefendant's house some 30 hours after the robbery occurred, the cylinder contained five bullets filled with gun powder. Expert testimony from a senior firearms examiner from the Suffolk County Ballistics Laboratory indicated that the revolver could normally be fired simply by inserting a percussion cap by the hammer to act as the ignition device. This expert

testified that he test-fired the weapon by inserting two percussion caps and firing two shots. He found the gun to be operable. He further testified that the weapon could be fired even without the percussion caps, because the barrel, chambers, and cylinder were heavily coated with residues from previous firings, and that anything frictional could possibly ignite the powder. It is important to note that the defense adopted this expert testimony as its own, with the same force as if the expert testified as a witness for the defense. Under the circumstances, we see no reason to disturb the jury's finding that the affirmative defense was not established. Titone, J. P., Bracken, Boyers and Lawrence, JJ., concur.