■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD ESDAILLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered December 23, 1987, convicting him of murder in the second degree, attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was indicted on charges including murder in the second degree and attempted murder in the second degree in connection with the shootings of two persons inside a "smoke shop" in Coney Island in 1981. An 18-year-old employee in the shop was shot in the head and died of his wound about a week later. An older employee was shot in the jaw but survived and identified the defendant as their assailant.

The defendant contends that the court erred in permitting the prosecutor, on redirect examination of the complainant, to introduce a photograph of him which was taken in 1980. We find this contention to be without merit. The complainant testified that the photograph showed the defendant as he appeared at the time the crime was committed. Over six years had elapsed between the incident and the trial. The record reveals that the defendant's appearance had changed in the intervening period. The photograph was therefore admissible to show his appearance at the time of the crime (see, People v Logan, 25 NY2d 184, cert denied 396 US 1020; People v Peters, 135 AD2d 841; People v Stroud, 121 AD2d 484).

We agree with the defendant's contention that the photograph of the 18-year-old victim had no probative value and was inadmissible. Nevertheless, the error was harmless in light of the overwhelming evidence of the defendant's guilt (see, People v Carter, 132 AD2d 561). The sentence imposed was fully warranted under the circumstances of this case (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are not preserved for appellate review, and we decline to review them in the exercise of our interest of justice jurisdiction in view of the overwhelming evidence of his guilt. Brown, J. P., Rubin, Sullivan and Harwood, JJ., concur.