■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS BROOKS, Appellant.—Judgment unanimously affirmed. Memorandum: An indictment charged defendant with the commission of three separate armed robberies on January 16, 20 and 29, 1988. The offenses were properly joined in one indictment (CPL 200.20 [2] [c]). Defendant failed to demonstrate that the jury would be unable to sort out and keep separate the evidence as to each crime. The court instructed the jury that they were not to consider evidence of one crime as evidence of another crime. Thus, the court did not abuse its discretion in denying severance of those counts pertaining to the separate events *(see, People v Mercer,* 151 AD2d 1004, *lv denied* 74 NY2d 815).

The victim of the January 20, 1988 robbery was unable to identify the perpetrator from mug books viewed at the police station that day. On January 31, however, while at the police station, she did identify clothing shown to her by one of the investigators as clothing worn by the robber. Five days later, she attended a lineup conducted at the police station. The

police did not tell the victim anything about the persons in the lineup. All of the lineup participants were of the same skin color, and defense counsel was present throughout the lineup. Each of the participants stepped forward, turned and returned to his place in the lineup. Each of them was wearing beige pants and a beige or off-white shirt, and some of them were wearing eyeglasses. It appeared that all of them had facial hair, and that only defendant was not wearing a tee shirt underneath his shirt. The court denied defense counsel's motion to suppress upon the grounds that the victim previously identified clothing worn by the robber and that defendant was the only person without a tee shirt. Although the suppression court made no factual findings as required by CPL 710.60 (4), we have, in the exercise of our fact-finding power (see, People v Gaspar, 132 AD2d 990, 991, appeal dismissed 71 NY2d 887), reviewed the record and set forth the necessary findings of fact (see, People v Denti, 44 AD2d 44). Based thereon, we affirm the suppression court's determination that the victim's prior viewing of clothing worn by the perpetrator and the sole distinguishing characteristic of the absent tee shirt did not render the lineup identification procedure overly suggestive.

Although it was error to admit the testimony of an investigating officer to the effect that the victim identified defendant in the lineup (see, People v Trowbridge, 305 NY 471), the error does not warrant reversal. Defense counsel made no objection at the time. A few minutes later, the court advised counsel that the testimony was improper bolstering, but counsel stated that he did not object because, in his view, the testimony was not prejudicial. The next day, counsel changed his mind and asked the court to strike the testimony and give a curative instruction to the jury at the time of the final charge. Defendant specifically instructed his attorney not to seek a mistrial. The court granted counsel's request and did give a strong and unambiguous curative instruction. Under the circumstances, the error was harmless.

Defendant contends that it was error to use a first degree robbery charge as a class B violent felony offense, thereby establishing the necessary predicate violent felony for the charge of criminal use of a firearm in the first degree. That contention was not preserved for our review, and we decline to review the issue in the interest of justice (see, People v Bones, 103 AD2d 1012; cf., People v Brown, 67 NY2d 555, 560, cert denied 479 US 1093).

It was not improper for the court to consider references in

the presentence investigation report to offenses for which defendant was arrested but never tried or convicted *(see, People v Cunningham,* 153 AD2d 700, *lv denied* 74 NY2d 895). Defendant's sentence was lawful and was not, under the circumstances, harsh or excessive. (Appeal from judgment of Supreme Court, Monroe County, Bergin, J.—robbery, first degree.) Present—Dillon, P. J., Callahan, Green, Pine and Balio, JJ.