■ CARL GIFALDI et al., Appellants, v DUMONT CO., INC., Doing Business as DUMONT CHEMICAL COMPANY, et al., Defendants, JEFFERSON CHEMICAL COMPANY et al., Respondents, and INTERSTATE TIRE COMPANY, Appellant. (Appeal No. 4.)—Appeal unanimously dismissed without costs. Same Memorandum as in *Gifaldi v Dumont Co.,* ([appeal No. 1) 172 AD2d 1025 [decided herewith]). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Resettle Order.) Present—Dillon, P. J., Callahan, Denman, Green and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BLAKE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of robbery in the first and second degrees, burglary in the first degree and criminal use of a firearm in the first degree, all stemming from charges that, during the course of the robbery and burglary, he displayed what appeared to be a pistol *(see,* Penal Law § 140.30 [4]; § 160.15 [4]). There is no merit to defendant's contention that the jury's implicit finding that the handgun was operable was contrary to the weight of evidence. Expert testimony revealed that each of the six chambers of the revolver contained a bullet; that, upon examination, one of the bullets contained black powder and a ball; that the gun could be fired simply by inserting a percussion cap on nipples at the back of the cylinders and cocking the hammer before pulling the trigger; and that the expert successfully test-fired the remaining five bullets. The jury obviously credited this testimony, and its verdict was not contrary to the weight of evidence *(see, People v Santostefano,* 104 AD2d 1011).

The remaining issue raised by defendant was not preserved for appellate review, and we decline to exercise our discretionary review powers *(see,* CPL 470.15 [6] [a]; *People v Brooks,* 167 AD2d 854, *lv denied* 77 NY2d 836). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Robbery, 1st Degree.) Present—Doerr, J. P., Boomer, Balio, Lawton and Davis, JJ.