■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GRANVILLE, Appellant. [634 NYS2d 143] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Patterson, J.), rendered April 21, 1994, convicting him of robbery in the first degree, robbery in the second degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court did not err in denying the defendant's request to call the complaining witness at the *Wade* hearing. Generally, a defendant does not have a right to call an identifying witness to testify at a *Wade* hearing unless there is some indication that the identification procedure was suggestive *(see, People v Peterkin,* 75 NY2d 985, 986; *People v Chipp,* 75 NY2d 327, 337-338, *cert denied* 498 US 833) or unless the People's evidence is notably incomplete or unless a need for the witness's testimony is established *(see, People v Harvall,* 196 AD2d 553; *People v Ocasio,* 134 AD2d 293).

Here, the evidence at the hearing did not leave open the possibility that the complainant had seen the defendant at the precinct house prior to viewing the lineup. Therefore, the defendant's request to call the complainant to explore that possibility was properly denied.

The defendant's contention that the complainant should have been called to testify regarding the suggestiveness of the photographic identification is unpreserved for appellate review. In any event, there was no indication of suggestiveness which would have triggered the defendant's right to call the complainant with respect to that issue.

The defendant was not denied a fair trial by the court's refusal to permit a 911 telephone operator to testify regarding a prior inconsistent statement made by the complainant as to

the codefendant's height. While the complainant initially described the codefendant as being six feet tall, he subsequently indicated that the codefendant was approximately five feet eight inches tall. The initial description of the codefendant as being six feet tall was given to a police officer as well as to the 911 telephone operator. That officer testified about the initial description and the complainant was cross-examined about the variance in his descriptions. Under the circumstances, where the inconsistency was placed before the jury, the court did not improvidently exercise its discretion in precluding the testimony of the operator (see, People v Piazza, 48 NY2d 151, 164-165; People v Hayes, 191 AD2d 368, 370; People v Drake, 141 AD2d 560, 561).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contention is unpreserved for appellate review (see, People v Jackson, 78 NY2d 900). We reject the defendant's contention that his conviction should be reversed in the exercise of our interest of justice jurisdiction. Bracken, J. P., Miller, Altman and Florio, JJ., concur.