■ In the Matter of SHALLANY S., a Person Alleged to be a Juvenile Delinquent, Appellant. [783 NYS2d 567]—

Order of disposition, Family Court, New York County (Sheldon M. Rand, J.), entered on or about August 21, 2003, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that appellant committed an act which, if committed by an adult, would constitute unlawful possession of an air pistol in violation of Administrative Code of the City of New York § 10-131 (b) (1), and placed him on probation for two years, unanimously affirmed, without costs.

The court properly denied appellant's suppression motion. An identified citizen-informant advised the police that appellant was the suspected perpetrator of a particular armed robbery that was under investigation, and provided a detailed description and precise location for appellant. The police immediately arrived at that location and observed appellant, who met the description. As the police approached for purposes of inquiry, and as appellant walked away, the police observed a prominent bulge that "hung" on the inside of appellant's jacket, whereupon they conducted a protective patdown and recovered an air pistol. Regardless of whether or not the citizen-informant's basis of knowledge was sufficiently established (see People v Herold, 282 AD2d 1, 4-5 [2001], lv denied 97 NY2d 682 [2001]), the combination of his report to the police and the officers' observation of a bulge suggesting the presence of a weapon provided the requisite reasonable suspicion (Matter of Wilberto R., 220 AD2d 332 [1995]).

The court's finding was based on legally sufficient evidence. The air pistol at issue fired BBs and was powered by a carbon dioxide canister or cartridge. The fact that the canister recovered with the air pistol was inert and empty does not defeat

the weapon's operability. When test-fired with a full canister, the weapon functioned. The air pistol was designed for the routine and easy replacement of gas canisters, which are used to propel the ammunition and are not mechanical components of the weapon itself. Although the need for a replacement canister would temporarily make the discharge of the ammunition impossible, this would not affect the mechanical integrity of the weapon (*see People v Cavines*, 70 NY2d 882 [1987]; *see also People v Blake*, 172 AD2d 1027 [1991], *lv denied* 78 NY2d 962 [1991] [revolver capable of firing when percussion cap inserted deemed operable]). Concur—Nardelli, J.P., Saxe, Ellerin, Gonzalez and Catterson, JJ.