[938 NE2d 965, 912 NYS2d 532]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND BRUN, Appellant.

Decided October 26, 2010

### APPEARANCES OF COUNSEL

*Norman Trabulus*, New York City, for appellant.

*Kathleen M. Rice, District Attorney*, Mineola (*Andrea M. Di-Gregorio* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, defendant's application for a writ of error coram nobis granted, the Appellate Division's January 2009 order of modification (58 AD3d 862 [2d Dept 2009]) vacated, and the matter remitted to the Appellate Division for a de novo determination of the People's appeal.

Pursuant to the Rules of the Appellate Division, Second Department, on a People's appeal to that court, if a defendant was represented by assigned counsel at the trial court,

> "such assignment shall remain in effect and counsel shall continue to represent the defendant as the respondent on the appeal until entry of the order determining the appeal and until counsel shall have performed any additional applicable duties imposed upon him by these rules, or until counsel shall have been otherwise relieved of his assignment" (22 NYCRR 671.3 [f]).

Here, although he informed defendant of the People's appeal, defendant's assigned trial counsel failed to represent defendant on that appeal. The Appellate Division, apparently unaware that defendant had been represented by assigned trial counsel, determined the People's appeal, noting no appearances by defendant (58 AD3d 862 [2009]).

Defendant thereafter applied for a writ of error coram nobis, alleging that he had been deprived of counsel on the People's appeal in violation of section 671.3 (f). The Appellate Division denied the writ, stating that defendant "failed to establish that he was denied the effective assistance of appellate counsel" (64 AD3d 611, 612 [2d Dept 2009]).

Because defendant's trial counsel failed to comply with the terms of 22 NYCRR 671.3 (f), defendant was deprived of

appellate counsel to which he was entitled. Accordingly, the Appellate Division should have granted defendant's application for a writ of error coram nobis. Although a writ of error coram nobis generally raises the claim that defendant received ineffective assistance of appellate counsel, the writ is also a proper vehicle for addressing the complete deprivation of appellate counsel that occurred here.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order reversed, etc.