■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER LEWIS, Appellant. [937 NYS2d 232]

Defendant was charged with criminal possession of a weapon in the third degree based on the elements of criminal possession of a weapon in the fourth degree, elevated to the present charged felony due to a prior conviction of attempted robbery in the second degree. His contention that the jury instructions failed to provide any definition of the phrase "dangerous instrument" is unpreserved (*see People v Dekle*, 56 NY2d 835, 837

[1982]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. The theory of the defense at trial was that defendant did not intend to use the knife unlawfully, not that it did not constitute a dangerous instrument. Indeed, counsel characterized the knife as a "weapon" during his summation. Thus, given the failure to contest the knife's status, the court's instruction did not cause defendant any prejudice (*People v Wright*, 270 AD2d 176 [2000], *lv denied* 94 NY2d 954 [2000]; *see also People v Baker*, 298 AD2d 104 [2002], *lv denied* 99 NY2d 533 [2002]). Concur—Tom, J.P., Andrias, Acosta, Freedman and Richter, JJ.