■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORIYAH LEWIS, Appellant. [946 NYS2d 206]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered September 14, 2010, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's specific contention regarding the legal sufficiency of the evidence that the gun he was charged with having possessed was operable is not preserved for appellate review because the defendant failed to move for a trial order of dismissal on the basis of that specific claim (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Edwards*, 81 AD3d 848 [2011]; *People v Hutchinson*, 57 AD3d 565, 566 [2008]; *People v Bailey*, 19 AD3d 431, 431-432 [2005]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree beyond a reasonable doubt (*see* Penal Law § 265.03 [1] [b]; *People v Cavines*, 70 NY2d 882 [1987]; *People v Benjamin*, 24 AD3d 565 [2005]; *Matter of Shallany S.*, 11 AD3d 414 [2004]; *People v Velez*, 278 AD2d 53 [2000]; *People v Blake*, 172 AD2d 1027 [1991]; *People v Francis*, 126 AD2d 740 [1987]; *cf. People v Brun*, 58 AD3d 862, 864-865 [2009], *revd* 15 NY3d 875 [2010]).

Moreover, in fulfilling our responsibility to conduct an independent review of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Finally, contrary to the defendant's contention, the Supreme

Court did not err in granting the People's request to dismiss the lesser-included offense of criminal possession of a weapon in the fourth degree since there was no reasonable view of the evidence that the defendant committed the lesser, but not the greater, offense (*see People v Melendez*, 71 AD3d 1166, 1167 [2010]; *People v Tillery*, 60 AD3d 1203, 1205-1206 [2009]). Skelos, J.P., Balkin, Leventhal and Roman, JJ., concur.