THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY BROWN, Appellant. [983 NYS2d 874]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered August 21, 2012, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (*see People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Edmunson*, 109 AD3d 621 [2013]).

The defendant's contention, raised in his pro se supplemental brief, that the County Court lacked authority to increase the postrelease supervision component of his sentence from three years to five years is without merit. The court increased the postrelease supervision component because the original sentence would have been illegal (*see* Penal Law § 70.45 [3]). Moreover, the court gave the defendant the option of either accepting the increased postrelease supervision or of withdrawing his plea of guilty and going to trial (*see People v Rubendall*, 4 AD3d 13, 17 [2004]).

The defendant's valid waiver of his right to appeal precludes appellate review of his contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel in the County Court, except to the extent that the alleged ineffective assistance affected the voluntariness of his plea

(*see People v Young*, 97 AD3d 771 [2012]). The defendant's claim of ineffective assistance of counsel with respect to the plea negotiation is based, in part, upon matter outside the record and cannot be resolved without reference to matter outside the record. Therefore, the appropriate vehicle for review of this claim is a motion pursuant to CPL 440.10 (*see People v Maxwell*, 89 AD3d 1108, 1109 [2011]).

The defendant's contention, raised pro se, that his appellate counsel is ineffective, is not reviewable on direct appeal. The appropriate avenue for the defendant to raise the issue of ineffective assistance of appellate counsel is to seek a writ of error coram nobis in this Court (*see People v Brun*, 15 NY3d 875, 876 [2010]).

The defendant's contentions with respect to his conviction of criminal trespass in the second degree are not properly before this Court, because the defendant's appeal does not cover the indictment relating to that offense. Rivera, J.P., Dickerson, Cohen, Hinds-Radix and Maltese, JJ., concur.