THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSUE BONILLA, Appellant. [58 NYS3d 48]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered November 22, 2013, convicting him of assault in the first degree (two counts) and assault in the second degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (Peck, J.), of the suppression of identification testimony.

Ordered that the judgment is modified, on the law, by vacat-

ing the convictions of assault in the second degree under counts six and seven of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The Supreme Court properly denied suppression of identification testimony. There was no hearing testimony establishing that police involvement tainted any of the identification procedures (*cf. People v Stevens*, 44 AD3d 882, 883 [2007]). There is also no basis to find that the lineup procedures were unduly suggestive simply because the lineups were conducted after the witnesses had selected the defendant's photo from an array (*see People v Rodriguez*, 64 NY2d 738, 740-741 [1984]; *People v Rodriguez*, 17 AD3d 267, 268 [2005]). Moreover, since the issue before the court was whether there was probable cause to arrest the defendant based on the photo array, defense counsel was properly prevented from cross-examining a police witness regarding the eyewitnesses' descriptions of the assailant (*see People v Hoehne*, 203 AD2d 480, 481 [1994]). The defendant's claim that the court improperly denied his application for disclosure of the identification witnesses' identities is also without merit (*see People v Granville*, 221 AD2d 558 [1995]; *People v McAvoy*, 142 AD2d 605, 605-606 [1988]).

The defendant's contention that the trial testimony of a police detective implicitly bolstered the witnesses' identification of the defendant from the photo arrays and lineup procedures is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the bolstering contention regarding the lineup is without merit, as the detective never testified that any of the witnesses viewing the lineup made an identification (*see People v Fingall*, 136 AD3d 622, 623 [2016]). The defendant waived any contention of bolstering with regard to the photo arrays, as testimony regarding the arrays was first elicited not by the People but by defense counsel (*see People v Bryan*, 50 AD3d 1049, 1050-1051 [2008]).

The defendant's contention that the Supreme Court erred in allowing prejudicial mugshot photos of the defendant to be introduced into evidence is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, without merit (*see People v Esdaille*, 160 AD2d 811, 812 [1990]).

Moreover, the Supreme Court's charge relating to assault in the first degree was correct because the defendant, expressly electing to pursue a defense of misidentification only, conceded the elements of the crime to which he now objects (*see People v Lewis*, 92 AD3d 442, 443 [2012]; *People v Baker*, 298 AD2d 104 [2002]).

The People correctly concede that two of the defendant's convictions of assault in the second degree must be vacated, and those counts of the indictment dismissed, as they are inclusory concurrent counts of assault in the first degree (*see* CPL 300.30 [4]; 300.40 [3] [b]; Penal Law §§ 120.05 [1], [2]; 120.10 [1]; *People v LaConte*, 45 AD3d 699, 699-700 [2007]; *People v DeFreitas*, 19 AD3d 506, 507 [2005]). However, the defendant's contention that the counts of assault in the first degree were multiplicitous is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Wall*, 92 AD3d 812, 813 [2012]) and, in any event, without merit (*see People v Saunders*, 290 AD2d 461, 463 [2002]).

Contrary to the defendant's contention, the verdict was not repugnant. There is no requirement that the defendant be found guilty of a completed felony in order to sustain a conviction of assault in the first degree under a theory of felony assault (*see People v Williams*, 83 AD3d 744, 745 [2011]).

The defendant's remaining contentions are without merit. Mastro, J.P., Leventhal, Austin and Roman, JJ., concur.