People v Wingate (2020 NY Slip Op 03398)





People v Wingate


2020 NY Slip Op 03398


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2015-05474
 (Ind. No. 186/14)

[*1]The People of the State of New York, respondent,
v
Blake Wingate, appellant.


Steven A. Feldman, Uniondale, NY (Arza Feldman of counsel), for appellant, and appellant pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Danielle M. O'Boyle of cousnel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered June 16, 2015, convicting him of robbery in the second degree (two counts), robbery in the third degree (two counts), and assault in the second degree (two counts), after a nonjury trial, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the convictions of robbery in the third degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.
The defendant allegedly robbed and assaulted two elderly women in separate incidents. The complainants identified the defendant in a police lineup and at trial. On appeal, the defendant contends, inter alia, (1) that the Supreme Court improvidently exercised its discretion in denying him his right to self-representation, (2) that his waiver of his right to a jury trial was insufficient, (3) that the court violated his Sixth Amendment right of confrontation by limiting his attorney's cross-examination of the complainants, and (4) that the testimony of a police detective improperly bolstered the complainants' identification testimony.
"A defendant in a criminal case may invoke the right to defend pro se provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (People v McIntyre, 36 NY2d 10, 17; see People v Gregory, 163 AD3d 847, 848-849, affd 33 NY3d 1017). A defendant may forfeit the right to proceed pro se "by engaging in disruptive or obstreperous conduct calculated to undermine, upset or unreasonably delay the progress of the trial'" (People v Anderson, 133 AD2d 120, 121, quoting People v McIntyre, 36 NY2d at 18). Contrary to the defendant's contention, with respect to the third prong of the McIntyre test, the record supports the Supreme Court's determination that the defendant engaged in "conduct which would prevent the fair and orderly exposition of the issues" (People v McIntyre, 36 NY2d at 17; see People v Gregory, 33 NY3d 1017, 1018). Under the circumstances, the court did not improvidently exercise its discretion in denying the defendant's request to proceed pro se (see People v Gregory, 33 NY3d at 1018).
The defendant's contention that his waiver of his right to a jury trial was invalid is unpreserved for appellate review (see CPL 470.05[2]; People v Magnano, 77 NY2d 941, 942; People v Johnson, 51 NY2d 986, 987; People v Badden, 13 AD3d 463, 463; People v Brunson, 307 AD2d 323, 324). Under the circumstances, we decline to reach this issue in the exercise of our interest of justice jurisdiction (see People v Lopez, 173 AD3d 528, 528; People v Morrison, 110 AD3d 1380, 1381; People v Sierra, 143 AD2d 1065, 1065).
The defendant's contention that the Supreme Court violated his Sixth Amendment right of confrontation by limiting his attorney's cross-examination of the complainants is without merit. Although a criminal defendant is guaranteed the right to confront adverse witnesses through cross-examination (see US Const 6th Amend; NY Const, art I, § 6), that right is not unfettered (see People v Caballero, 137 AD3d 929, 930; People v Francisco, 44 AD3d 870, 870). "The trial court has broad discretion to limit the scope of cross-examination when the questions are irrelevant or only marginally relevant, concern collateral issues, or pose a danger of misleading the jury" (People v Francisco, 44 AD3d at 870; see People v Gittens, 178 AD3d 1070, 1070). Here, the defendant was afforded the opportunity to challenge the credibility and accuracy of the complainants' testimony, and the court providently exercised its discretion to the extent that it limited defense counsel's cross-examination of those two witnesses (see People v Francisco, 44 AD3d at 870-871; People v Gonzalez, 170 AD2d 620, 620-621). Under the circumstances, the defendant was not deprived of his right to confrontation (see People v Wright, 160 AD3d 667, 670).
The defendant's contention that the testimony of a police detective improperly bolstered the complainants' identification testimony is unpreserved for appellate review (see CPL 470.05[2]; People v Baez, 172 AD3d 893, 894; People v Locenitt, 157 AD3d 905, 906-907; People v Bonilla, 151 AD3d 735, 736). Under the circumstances, we decline to review that contention in the exercise of our interest of justice jurisdiction (see People v Frazier, 127 AD3d 1229, 1230; People v Thomas, 85 AD3d 1572, 1573, affd 21 NY3d 226; People v Wright, 77 AD3d 691, 691).
As the People concede, the two counts of robbery in the third degree were concurrent inclusory counts of the two counts of robbery in the second degree (see CPL 300.30[4]; People v Hutson, 43 AD3d 959, 959; People v Gibson, 295 AD2d 529, 530). A verdict of guilt upon the greater count is deemed a dismissal of every lesser count (see CPL 300.40[3]). Accordingly, we vacate the convictions of robbery in the third degree and the sentences imposed thereon, and dismiss those counts of the indictment (see People v Lee, 39 NY2d 388, 390).
The defendant's contention, raised in his pro se supplemental brief, that the police lacked probable cause to arrest him is unpreserved for appellate review (see CPL 470.05[2]; People v Hosannah, 178 AD3d 1074; People v Williams, 160 AD3d 665, 666). The defendant's further contention, raised pro se, that his waiver of his Miranda rights (see Miranda v Arizona, 384 US 436) was invalid is also unpreserved for appellate review (see CPL 470.05[2]; People v Panton, 27 NY3d 1144, 1144-1145; People v Waters, 159 AD3d 1021, 1021). Under the circumstances, we decline to reach these issues in the exercise of our interest of justice jurisdiction.
The defendant's contention, raised in his pro se supplemental brief, that he was denied the effective assistance of counsel at trial is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's contention, raised pro se, that his appellate counsel is ineffective, is not reviewable on direct appeal (see People v Brown, 116 AD3d 1062, 1063). The appropriate avenue for the defendant to raise the issue of ineffective assistance of appellate counsel is to seek a writ of error coram nobis in this Court (see People v Brun, 15 NY3d 875, 876; People v Brown, 116 AD3d at 1063).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
AUSTIN, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court