People v Ferrigno (2020 NY Slip Op 06962)





People v Ferrigno


2020 NY Slip Op 06962


Decided on November 24, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 24, 2020

Before: Renwick, J.P., Kapnick, Gesmer, Kern, JJ. 


Ind No. 4821/16 Appeal No. 12482-12483 Case No. 2019-2902, 2019-2903 

[*1]The People of the State of New York, Respondent,
v
Joseph Ferrigno et al., Defendants-Appellants.


Mischel & Horn, P.C., New York (Richard E. Mischel of counsel), for Joseph Ferrigno, appellant.
Peluso & Touger, LLP, New York (David Touger of counsel), for Erin Wicomb, appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Robert Brent Ferguson of counsel), for respondent.



Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered March 21, 2019, as amended April 24, 2019, convicting defendants, after a jury trial, of grand larceny in the second degree, and sentencing defendant Ferrigno to a term of 2½ to 7½ years, and sentencing defendant Wicomb to a term of 3 to 9 years, unanimously affirmed. The matter is remitted to Supreme Court for further proceedings pursuant to CPL 460.50(5) as to both [*2]defendants.
The court providently exercised its discretion in imposing reasonable limits on the cross-examination of a prosecution witness, based on the court's determination that the relevance of the proposed line of inquiry, which was ancillary at best, was outweighed by its tendency to confuse or mislead the jury (see generally People v Rouse, 34 NY3d 269, 275 [2019]). Defendants received ample latitude in which to present their chosen defense. Accordingly, we find no violation of defendants' constitutional rights to cross-examine witnesses and present a defense (see Crane v Kentucky, 476 US 683, 689-690 [1986]; Delaware v Van Arsdall, 475 US 673, 678-679 [1986]). In any event, we find that any error was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
We perceive no basis for reducing the sentence of either defendant.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 24, 2020