People v Almanzar (2021 NY Slip Op 04026)





People v Almanzar


2021 NY Slip Op 04026


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2019-00361
 (Ind. No. 17-00490)

[*1]The People of the State of New York, respondent,
v
Moises Almanzar, appellant.


Kenyon C. Trachte, Newburgh, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered November 23, 2018, convicting him of assault in the second degree and resisting arrest (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
While a police officer was attempting to place the defendant under arrest pursuant to a valid warrant, a struggle ensued. Thereafter, the police officer sought medical attention and ultimately missed approximately five weeks of work. The defendant was convicted after a jury trial of assault in the second degree and resisting arrest (two counts).
The defendant contends that his conviction of assault in the second degree was based on legally insufficient evidence due to the prosecution's failure to prove that he had intended to prevent the police officer from performing a lawful duty. However, the defendant's motion for a trial order of dismissal was insufficiently specific to preserve this contention for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Gray, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of assault in the second degree (Penal Law § 120.05 [3]).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Romero, 7 NY3d 633, 644). Upon reviewing the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (see id. at 644).
As the defense specifically approved the County Court's proposed charge as to assault in the second degree, actively arguing against an expansion of the charge, the defendant has failed to preserve, and has also waived, appellate review of his claim of error in the trial court's instructions with regard to this charge (see CPL 470.05[2]; People v Autry, 75 NY2d 836, 839; People v Yaghnam, 135 AD2d 763, 764). Moreover, the court's charge relating to assault in the second [*2]degree was correct because the defendant, expressly electing to pursue a defense that he had only turned away and attempted to flee from the police out of an instinctual reaction borne from fear, and further admitting that a valid warrant had been issued for his arrest, effectively conceded the element of the crime to which he now objects—that the officer was performing a lawful duty under Penal Law § 120.05(3) (see People v Bonilla, 151 AD3d 735, 736; People v Lewis, 92 AD3d 442, 443).
RIVERA, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court