People v Hairston (2023 NY Slip Op 00439)

People v Hairston

2023 NY Slip Op 00439

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2014-09156
 (Ind. No. 3673/11)

[*1]The People of the State of New York, respondent,
v
Carlos Hairston, appellant.

Patricia Pazner, New York, NY (Sean H. Murray of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Michael Bierce of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Joel M. Goldberg, J.), rendered September 18, 2014, convicting him of criminal sexual act in the first degree, rape in the first degree, burglary in the second degree as a sexually motivated felony, and sexual abuse in the first degree (two counts), upon a jury verdict, and imposing sentences upon his adjudication as a persistent violent felony offender.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the defendant's adjudication as a persistent violent felony offender and the sentences imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.
The defendant was convicted of multiple sex offenses occurring on May 14, 2011, as against complainant AH, who identified the defendant in a lineup as her assailant. In addition, the evidence established that the defendant's DNA profile matched the male DNA profile developed from AH's sexual assault kit. However, the defendant was acquitted of charges stemming from an alleged sexual assault against another complainant on a different day.
While specific and relevant allegations of misconduct in a civil action filed against a law enforcement officer may be used for the limited purpose of impeaching that law enforcement officer's testimony at trial (see People v Smith, 27 NY3d 652, 662; People v Brown, 181 AD3d 701, 702-703), such impeachment is subject to the court's broad discretion in controlling the permissible scope of cross-examination (see People v Legrand, 194 AD3d 1073, 1075-1076; People v Brown, 181 AD3d at 702). Under the circumstances of this case, any error in precluding defense counsel from inquiring into the allegations of unlawful arrest, false imprisonment, and excessive force in two civil actions filed against a detective was harmless beyond a reasonable doubt, as the evidence of guilt with respect to the charges upon which the defendant was convicted was overwhelming, and there is no reasonable possibility that the alleged error might have contributed to the conviction (see People v Crimmins, 36 NY2d 230, 237).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in providing a permissive—rather than a mandatory—adverse inference charge for the [*2]New York City Police Department's loss of a certain surveillance video. The court, in concluding that the video was of limited relevance, properly took into account the minimal prejudice to the defendant and gave a permissive adverse inference charge (see People v Handy, 20 NY3d 663, 669; People v Gibbs, 85 NY2d 899, 900; People v Jackson, 133 AD3d 883, 883-884; People v Olson, 126 AD3d 1139, 1141; People v Hernandez, 25 AD3d 566, 566-567).
The defendant's contention that admission of DNA evidence violated his rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution because the testifying analyst did not perform or witness any part of the DNA testing and did not independently analyze the raw data (see People v Austin, 30 NY3d 98; People v John, 27 NY3d 294, 315; see also Crawford v Washington, 541 US 36, 53-54), is unpreserved for appellate review, and we decline to review the issue in the exercise of our interest of justice jurisdiction (see People v Gough, 203 AD3d 747, 747; People v Hartnagel, 176 AD3d 971, 971; People v Mancha, 162 AD3d 903, 903; People v Forde, 153 AD3d 852, 853). Further, the Supreme Court did not improperly preclude cross-examination of the analyst regarding the firing of another analyst two years prior to the DNA testing in the instant case, the resignation of a deputy director concerning work on unrelated cases, and a 2013 audit of the lab of the Office of the Chief Medical Examiner (see generally People v Agosto, 203 AD3d 841, 842; People v Ferrigno, 188 AD3d 609, 610; People v Cabrera, 85 AD3d 942, 942).
The defendant's contention that the Supreme Court erred by adjudicating him a persistent violent felony offender based on a 1993 Ohio conviction of corruption of a minor (see Ohio Revised Code § 2907.04[A]), and a 1995 Ohio conviction of attempted rape (see id. § 2907.02[A][2]), is partially unpreserved for appellate review. Nonetheless, we exercise our interest of justice jurisdiction to review the merits of the defendant's unpreserved contention (see CPL 470.15[6][a]). Penal Law § 70.04 requires the imposition of enhanced sentences for those defendants found to be predicate violent felons (see People v Helms, 30 NY3d 259, 263). "Subdivision (1) (b) (i) of that section provides, in pertinent part, that a prior out-of-state conviction qualifies as a predicate violent felony conviction if it involved 'all of the essential elements of any [violent] felony for which a sentence to a term of imprisonment in excess of one year . . . was authorized and is authorized in this state'" (id. at 263, quoting Penal Law § 70.04[1][b][i]). "When a statute-to-statute comparison reveals differences in the elements such that it is possible to violate the foreign statute without engaging in conduct that is a [violent] felony in New York, the foreign statute may not serve as a predicate" (People v Yusuf, 19 NY3d 314, 321; see People v Salako, 165 AD3d 846, 847-848).
Here, under the version of Ohio Revised Code § 2907.04(A) in effect in 1993, a person could have been convicted of corruption of a minor premised on sexual conduct with a victim between the ages of 15 and 16 (see id.; State v Waites, 1994 WL 590289, *7, 1994 Ohio App. LEXIS 3651, *21 [No. 93-L-009]). Moreover, under the version of Ohio Revised Code § 2907.02(A)(2) in effect in 1995, a person could have been convicted of rape if that person "purpose[fully] compels the [victim] to submit by force or threat of force," and "force" was defined in Ohio Revised Code § 2901.01(A) as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing" (Ohio Revised Code §§ 2901.01[A] [emphasis added]; 2907.02[A][2]; see State v Eskridge, 38 Ohio St 3d 56, 57, 526 NE2d 304, 305). As the People correctly concede, it does not appear on this record that either the 1993 Ohio offense of corruption of a minor or the 1995 Ohio offense of attempted rape is equivalent to a New York criminal offense designated as a violent felony (see e.g. Penal Law §§ 130.30[1]; 130.35[1]; 130.45[1]). Accordingly, we modify the judgement by vacating the defendant's adjudication as a persistent felony offender and the sentences imposed thereon, and we remit the matter to the Supreme Court, Kings County, for resentencing.
CONNOLLY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court