People v Sirleaf (2024 NY Slip Op 05115)

People v Sirleaf

2024 NY Slip Op 05115

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2019-04595
 (Ind. No. 2715/17)

[*1]The People of the State of New York, respondent,
v
Momolu M. Sirleaf, appellant.

Patricia Pazner, New York, NY (Hannah Kon and Kobre & Kim LLP [Benjamin Sirota, Layan Charara, and Michael A. Sanfilippo], of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Michael Tadros of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Daniel Lewis, J.), rendered March 21, 2019, convicting him of criminal possession of a weapon in the second degree, resisting arrest, criminal possession of a controlled substance in the seventh degree, unlawful possession of marihuana, and unlawful possession of a pistol, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a nonjury trial, of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03[3]) and resisting arrest (Penal Law § 205.30). The evidence adduced at trial established that on September 17, 2017, police officers heard a radio transmission of "shots fired," which provided a description of the alleged shooter. Upon responding to the location provided in the radio transmission, police officers saw the defendant, who matched that description. The evidence further established that the defendant ran from the police officers, discarded a backpack during the pursuit, and struggled with the police officer arresting him. A police officer testified that he saw a firearm on the ground in the area where the defendant had discarded the backpack, and a criminalist employed by the Office of the Chief Medical Examiner of the City of New York testified that DNA recovered from the firearm matched DNA obtained from the defendant.
The defendant's contention that he was deprived of a fair trial due to the Supreme Court's admission pursuant to People v Molineux (168 NY 264) of certain evidence is without merit. Contrary to the defendant's contention, the challenged evidence, including a portion of a call to the 911 emergency number, was necessary to provide background information explaining the police officers' actions and to complete the narrative of events leading to the defendant's arrest (see People v Morris, 21 NY3d 588, 596-597; People v Tosca, 98 NY2d 660, 661; People v Youngberg, 198 AD3d 824, 825). Moreover, this evidence was "also probative of the officers' credibility, which was a central issue for the jury to resolve on the resisting arrest charge" (People v Morris, 21 NY3d at 597). As the probative value of the challenged evidence outweighed any undue prejudice to the defendant, the court providently exercised its discretion in admitting this evidence (see People v [*2]Dorm, 12 NY3d 16, 19; People v Delacruz, 207 AD3d 652, 654; People v Barnes, 160 AD3d 890, 891).
The defendant's contention that the trial judge should have recused himself from presiding at the nonjury trial is unpreserved for appellate review, and expressly waived, as the defendant failed to make such a request before the Supreme Court, and defense counsel confirmed that the defendant was "fine having [the trial judge] as the ruler on the Sandoval and the Molineux issues" (see CPL 470.05[2]; People v Smith, 163 AD3d 1004; see also People v Albert, 85 NY2d 851, 852; People v Almanzar, 195 AD3d 941, 942; People v Hernandez, 44 AD3d 684, 684).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Rodriguez, 224 AD3d 783; People v Freeman, 93 AD3d 805, 806).
The defendant's contention that Penal Law § 265.03(3) is unconstitutional in light of the decision of the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1), is unpreserved for appellate review, since he failed to raise a specific constitutional challenge directed to Penal Law § 265.03(3) before the Supreme Court (see People v Cabrera, 41 NY3d 35, 42, 50-51). In any event, the defendant's contention is without merit. The Bruen decision had no impact on the constitutionality of New York State's criminal possession of a weapon statutes (see People v Wilson, 222 AD3d 1006, 1009; People v Joyce, 219 AD3d 627, 627-628; People v Manners, 217 AD3d 683, 686).
The defendant's contention that his rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution (see People v John, 27 NY3d 294) were violated by the testimony of the criminalist is unpreserved for appellate review (see CPL 470.05[2]; People v Hairston, 213 AD3d 694, 695). In any event, the defendant's contention is without merit. The criminalist's testimony regarding her review and analysis of the case files indicated that she independently analyzed the raw data, and, thus, at trial, she did not merely function as a conduit for the conclusions of others (see People v John, 27 NY3d at 315; People v Pascall, 164 AD3d 1265, 1266; People v Henderson, 142 AD3d 1104, 1105; People v Beckham, 142 AD3d 556; cf. People v Jordan, 40 NY3d 396, 401).
The defendant's contention regarding Penal Law § 265.03(1)(b) is academic, since he was acquitted of that count (see generally People v Hairston, 167 AD3d 935, 936; People v Terrance, 120 AD2d 805, 806).
CONNOLLY, J.P., BRATHWAITE NELSON, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court