People v Parris (2025 NY Slip Op 07028)

People v Parris

2025 NY Slip Op 07028

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
DONNA-MARIE E. GOLIA
PHILLIP HOM, JJ.

2024-02981
 (Ind. No. 72344/21)

[*1]The People of the State of New York, respondent,
v
Jamauri Parris, appellant.

Andrea S. Ferrante, Staten Island, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jordan Cerruti of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Susan Quirk, J.), rendered October 23, 2023, convicting him of criminal possession of a weapon in the second degree and resisting arrest, upon a jury verdict, and imposing sentence upon his adjudication as a persistent violent felony offender.
ORDERED that the judgment is modified, on the law, by vacating the defendant's adjudication as a persistent violent felony offender and the sentences imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.
The defendant's contention that the Supreme Court violated his constitutional right to present a defense is without merit. "Although a defendant has the constitutional rights to present a defense and to confront adverse witnesses through cross-examination, these rights do not guarantee unfettered cross-examination and do not give criminal defendants 'carte blanche to circumvent the rules of evidence'" (People v Delgado, 221 AD3d 909, 911 [citations omitted], quoting People v Hayes, 17 NY3d 46, 53). "'The trial court has broad discretion to limit the scope of cross-examination when the questions are irrelevant or only marginally relevant, concern collateral issues, or pose a danger of misleading the jury'" (People v Anderson, 235 AD3d 993, 994, quoting People v Wingate, 184 AD3d 738, 739). Here, the court's exclusion of evidence that the defendant was stopped and searched by other police officers one week prior to his arrest was provident to avoid inquiry into a speculative and remote matter (see id.; People v Wingate, 184 AD3d at 739).
The Supreme Court also providently exercised its discretion in permitting the People to redact certain portions of the audio from the arresting police officers' body cameras, which contained inadmissible hearsay (see People v Ramlall, 99 AD3d 815, 816; People v Haddock, 79 AD3d 1148, 1149). Since that audio was properly excluded as inadmissible hearsay, the defendant's contention that his constitutional right to present a defense was violated based on the exclusion of this evidence is without merit (see People v Burns, 6 NY3d 793, 794-795; People v Williams, 211 AD3d 1055, 1056-1057).
The defendant's contentions that certain testimony by an expert on forensic DNA analysis usurped the jury's fact-finding function and the Supreme Court erred in failing to provide a curative instruction to the jury are unpreserved for appellate review, as he failed to object to the allegedly improper testimony at trial (see People v Darby, 196 AD3d 643, 645; People v Delgado, 134 AD3d 1046, 1046), and, in any event, without merit (see People v Lang, 164 AD3d 832, 833).
Penal Law § 70.04 requires the imposition of enhanced sentences for those defendants found to be predicate violent felons (see People v Helms, 30 NY3d 259, 263). "Subdivision (1)(b)(i) of that section provides, in pertinent part, that a prior out-of-state conviction qualifies as a predicate violent felony conviction if it involved 'all of the essential elements of any [violent] felony for which a sentence to a term of imprisonment in excess of one year . . . was authorized and is authorized in this state'" (id., quoting Penal Law § 70.04[1][b][i]). "In this context, the Court of Appeals has 'applied a strict equivalency standard that examines the elements of the foreign conviction to determine whether the crime corresponds to a New York [violent] felony, usually without reference to the facts giving rise to that conviction'" (People v Salako, 165 AD3d 846, 847, quoting Matter of North v Board of Examiners of Sex Offenders of State of N.Y., 8 NY3d 745, 750-751). "'When a statute-to-statute comparison reveals differences in the elements such that it is possible to violate the foreign statute without engaging in conduct that is a [violent] felony in New York, the foreign statute may not serve as a predicate'" (People v Hairston, 213 AD3d 694, 696, quoting People v Yusuf, 19 NY3d 314, 321).
While the defendant admitted at sentencing that he was the person convicted of two prior felonies (see CPL 400.16; People v Alston, 289 AD2d 339, 339), the People failed to satisfy their burden of establishing that the defendant was convicted of an offense in a foreign jurisdiction that is equivalent to a violent felony in New York (see People v Yancy, 86 NY2d 239, 247; People v Salako, 165 AD3d at 848). The People failed to demonstrate that the Vermont offense of assault and robbery with a dangerous weapon (see 13 VSA § 608[b]) is equivalent to a New York criminal offense designated as a violent felony (see Penal Law §§ 70.02[1]; 160.10, 160.15). Accordingly, we modify the judgment by vacating the defendant's adjudication as a persistent violent felony offender and the sentences imposed thereon, and we remit the matter to the Supreme Court, Kings County, for resentencing (see People v Hairston, 213 AD3d at 696-697; People v Salako, 165 AD3d at 848).
The defendant's remaining contention is without merit.
DILLON, J.P., GENOVESI, GOLIA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court